

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,368-01

### EX PARTE JOHN ALLEN BRAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 23420-422 IN THE 422ND DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated sexual assault. He was sentenced to thirty years' imprisonment for two of those counts and thirty-five years' imprisonment for the other. The Fifth Court of Appeals affirmed his conviction. *Braz v. State*, No. 05-06-00428-CR (Tex. App.—Dallas July 16, 2007)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance at both the guilt/innocence and punishment phases of trial. He raises multiple allegations that are detailed in

the memorandum attached to his habeas application. An order designating issues was timely signed by the trial court on March 26, 2010. That order instructed trial counsel to submit an affidavit to respond to the allegations contained in Applicant's habeas application. There is no indication that the affidavit has ever been filed with the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall again order trial counsel to respond to Applicant's claim of ineffective assistance of counsel and shall obtain such a response. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 26, 2014
Do not publish